**Mike GOODMAN, a single person, Plaintiff—Appellant,**

v.

**NEW HAMPSHIRE INSURANCE COMPANY, a Pennsylvania corporation with its principal place of business in New York, Defendant—Appellee.**

**No. 11–35349.**

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2012.[*]

Filed March 28, 2012.

Thomas Lether, Eric J. Neal, Cole, Lether, Wathen, Leid & Hall, P.C., Seattle, WA, for Plaintiff–Appellant.

Marcin Grabowski, Matthew Crane, Bauer Moynihan & Johnson LLP, Seattle, WA, for Defendant–Appellee.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Before: FERNANDEZ and PAEZ, Circuit Judges, and GWIN,[**] District Judge.

**MEMORANDUM[***]**

Mike Goodman appeals the district court's grant of summary judgment to New Hampshire Insurance Company in his action for breach of contract, bad faith and violation of the consumer protection laws of the State of Washington. We affirm.

Goodman's claims are all based upon state law; we, therefore, apply Washington law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001).

(1) Goodman asserts that the district court erred when it ruled against his claim that the damage caused by a leak in a fuel tank was covered by the insurance policy issued by New Hampshire. We disagree. The policy covers damage caused by hidden defects, but excludes all coverage where damage or loss arises from corrosion. Giving the policy a "fair, reasonable, and sensible construction,"[1] we agree with the district court that the policy unambiguously[2] excluded coverage because the tank

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Quadrant Corp. v. Am. States Ins. Co.,* 154 Wash.2d 165, 110 P.3d 733, 737 (2005) (internal quotation marks omitted).

2. *See State Farm Gen. Ins. Co. v. Emerson,*

618

leak arose out of corrosion.[3] To the extent that Goodman asserts that the efficient proximate cause[4] of the problem was a leak from around the vessel's hatches, there was no evidence that the hatch defect was hidden; again, coverage was unambiguously lacking.[5]

(2) We also disagree with Goodman's assertions that the district court erred when it granted judgment against him on his allegations that New Hampshire committed the tort of bad faith in handling[6] and denying[7] his claims, that it violated the Washington Consumer Protection Act,[8] and that it violated the Washington Insurance Fair Conduct Act.[9] The evidence he presented could not lead to a conclusion that he should have been granted additional benefits under the policy, or that the company breached its duties to communicate, disclose pertinent available benefits, investigate, issue a denial in a prompt manner, promptly explain its actions, and sufficiently maintain its files.

AFFIRMED.

102 Wash.2d 477, 687 P.2d 1139, 1144 (1984); *Mut. of Enumclaw Ins. Co. v. Patrick Archer Constr., Inc.*, 123 Wash.App. 728, 97 P.3d 751, 758 (Wash.Ct.App.2004).

3. See *McDonald v. State Farm Fire & Cas. Co.*, 119 Wash.2d 724, 837 P.2d 1000, 1003–04 (1992).

4. See *Sunbreaker Condo. Ass'n v. Travelers Ins. Co.*, 79 Wash.App. 368, 901 P.2d 1079, 1082–83 (Wash.Ct.App.1995).

5. Of course, the mere fact that water intrusion from around the hatch led to the corrosion would not affect the exclusion. See *Kish v. Ins. Co. of N. Am.*, 125 Wash.2d 164, 883 P.2d 308, 311 (1994); *Wright v. Safeco Ins.*

*Co. of Am.*, 124 Wash.App. 263, 109 P.3d 1, 7 (Wash.Ct.App.2004).

6. See *Coventry Assocs. v. Am. States Ins. Co.*, 136 Wash.2d 269, 961 P.2d 933, 937–38 (1998); see also Wash. Admin. Code §§ 284–30–330(2)–(5), (7), (13), 284–30–340, 284–30–350(1), 284–30–370, 284–30–380(1), (3).

7. See *Smith v. Safeco Ins. Co.*, 150 Wash.2d 478, 78 P.3d 1274, 1276–78 (2003); *Shields v. Enter. Leasing Co.*, 139 Wash.App. 664, 161 P.3d 1068, 1074 (Wash.Ct.App.2007).

8. Wash. Rev.Code §§ 19.86.010–19.86.920.

9. Wash. Rev.Code § 48.30.015.